TRI-STATE TRANSIT CO. OF LOUISIANA v. WORLEY.

(In Banc. Jan. 8, 1945. Suggestion of Error Overruled Feb. 12, 1945.)

[20 So. (2d) 477. No. 35750.]

Brandon, Brandon & Hornsby, of Natchez, for appellant.

Joseph E. Brown, of Natchez, for appellee.

Argued orally by **Gerard Brandon** and **Oliver Hornsby**, for appellant, and by **Joseph E. Brown**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee, C. S. Worley, recovered judgment against the appellant, Tri-State Transit Company of Louisiana, for damages because of his alleged wrongful ejection as a passenger from one of its busses.

The evidence on behalf of the plaintiff discloses that when the bus driver was ready to leave the city of Natchez he announced that he would first receive as passengers, and seat on the bus, those going as far as Hattiesburg and beyond; and next those going as far as Brookhaven and beyond; that thereupon, after admitting such passengers as then appeared at the door of the bus in response to this announcement, he looked at the plaintiff, gave him a nod, and said, "O. K."; that plaintiff then put part of his baggage up in the bus at the top of the door steps thereof, carried the remainder up the steps,

handed his ticket to the driver entitling him to passage to the station of Roxie, between Natchez and Brookhaven, and was assisted by the driver with his baggage to a seat on the bus, and told that ''Your age got you by this time,'' (evidently meaning thereby that plaintiff was being permitted to then get on without being required to wait longer to see if other passengers should appear for passage to more distant points than his destination); that shortly thereafter the bus driver told him that he would have to get off; that he declined to do so when the station manager was summoned, and finally two uniformed police officers, who asked the plaintiff whether he was coming off or going to make them drag or take him off; that he then left the bus, with one of the officers taking part of his baggage for him, and it was further shown without dispute that at least five other persons were allowed to take passage on the same bus to the station of Roxie, one of whom was taken on somewhere in the city after the bus left the Natchez station.

The defense of the bus company was that in the reception and seating of its passengers on the occasion complained of, it was acting under reasonable rules and regulations, duly authorized and approved by the supervising public agencies having jurisdiction over common carriers; that the plaintiff thereupon became indignant because a negro passenger going as far as Brookhaven was about to be taken on the bus ahead of him; that he then forced his way on before it came his turn to get on, and was allowed to be seated on account of his age, but that he kept on complaining, and creating such a disturbance that he annoyed the other passengers, and rendered it unsafe for the driver to drive the bus with due composure; that except for such misbehavior he would have been permitted to remain thereon; that he was given a transfer ticket for the next bus to follow soon on the same schedule, and was later told by the station manager that he could catch the second bus on that schedule, or could get back on the same bus if he would behave.

All the alleged misconduct of the plaintiff above mentioned was denied by him, and none of the passengers or by-standers seem to have observed any misconduct on his part, except to the extent that he was boasting about a suit that he could or would file if he was not allowed to ride. The plaintiff also denied the contention of the defendant that he was told that one of the other busses at the station was to immediately follow the one from which he was ejected, or that the slip of paper given him was for use thereon.

This conflicting evidence presented an issue for the jury as to whether or not the reasonable rules and regulations relied on by the bus company, as to the order of accepting and seating passengers, were wrongfully applied in the instant case, taking into consideration that neither the bus driver nor the station manager claimed that the plaintiff was ejected because all the seats were needed for passengers going a greater distance than his destination, but rather on account of his own alleged misconduct.

It is true that the plaintiff was not subjected to any violence or personal abuse, but if his story is true, then the jury was warranted in finding that the bus company acted in willful and wanton disregard of his rights as a passenger when it caused the officers of the law to come and eject him from its bus in the presence of other passengers and the crowd assembled at the station—a procedure that would necessarily cause any gentleman to suffer humiliation, embarrassment and mental anguish.

In this state of case, the court granted an instruction for the plaintiff which properly submitted to the jury the question of whether or not both actual and punitive damages should be allowed, and stating that, ''The total damages not to exceed the amount sued for,'' without naming the respective amounts mentioned in the declaration. The suit was for $2000 actual, and $1000 punitive, damages. The verdict rendered was for $1500, without it being indicated therein that the punitive damages, if

670

such were intended to be allowed, were within the amount sued for.

We do not think that the giving of this instruction was error, nor that the jury was misled thereby. No request was made to have the jury polled to ascertain whether or not they intended to award more than $1000 as punitive damages; and since a verdict of $500 could not be deemed excessive as compensation for humiliation, embarrassment and mental suffering, nor the sum of $1000 as punitive damages, we would not be justified in reversing the case for another trial on account of the form of this instruction; nor do we find reversible error in connection with any of the other grounds assigned.

The judgment will therefore be affirmed.

Affirmed.

**L. A. Smith, Sr., J.,** not participating.